IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DOUGLAS CAMPBELL, et al.,

        Plaintiffs,

   vs.                                 Case No.  3:95cv222

PMI FOOD EQUIPMENT GROUP     JUDGE WALTER HERBERT RICE
HOBART CORP., et al.,

        Defendants.

---

DECISION AND ENTRY SUSTAINING DEFENDANT CITY OF PIQUA'S UNOPPOSED MOTION TO DISMISS PLAINTIFFS' COMPLAINT AS TO IT (DOC. #152); DECISION AND ENTRY SUSTAINING DEFENDANT HOBART CORPORATION, DBA PMI FOOD EQUIPMENT GROUP'S UNOPPOSED MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #157); DECISION AND ENTRY ACKNOWLEDGING OFFER OF JUDGMENT AND ACCEPTANCE OF SAME BY 52 PLAINTIFFS; DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION TO DISMISS ALL REMAINING CLAIMS PURSUANT TO FED. R. CIV. P. 41(a)(2) (DOC. #159); JUDGMENT TO ENTER IN FAVOR OF 52 PLAINTIFFS AND AGAINST DEFENDANT PMI FOOD EQUIPMENT GROUP HOBART CORPORATION AND IN FAVOR OF DEFENDANT PMI FOOD EQUIPMENT HOBART CORPORATION AND AGAINST ALL REMAINING PLAINTIFFS ON COUNT 2 (THE CLAIM UNDER THE WARN ACT) AND AGAINST ALL PLAINTIFFS ON ALL OTHER COUNTS; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS JAKEWAY, STATE OF OHIO, MIAMI COUNTY BOARD OF COMMISSIONERS AND CITY OF PIQUA; TERMINATION ENTRY

---

       On February 4, 2005, this Court filed a Decision and Entry (Doc. #150)

which, *inter alia*, granted in full the Motions to Dismiss of Defendants Jakeway

(Doc. #82), State of Ohio (Doc. #83) and Miami County Board of Commissioners (Doc. #84). Ruling further, this Court sustained in part and denied in part the Motion to Dismiss of Defendant PMI Food Equipment Group Hobart Corporation (Doc. #89), overruling same for the Plaintiffs' second cause of action, setting forth a claim for relief on behalf of all Plaintiffs under the Worker Adjustment and Retraining Notification Act (the "WARN Act") and the remaining portion of Plaintiffs' twenty-third cause of action of their Amended Complaint, setting forth the claim of fraudulent non-disclosure, and sustaining same as to all other counts (1, 3-22, part of 23, 24-32). Count 33 was stricken for failure to comply with SD Ohio Civ. R. 23.3. The Dayton City Schools were dismissed as a party Defendant by this Court, *sua sponte*.

The Court directed the Defendant PMI Food Equipment Group Hobart Corporation ("PMI") to file a properly supported Motion for Summary Judgment as to the remaining claims, and the City of Piqua to file a Motion to Dismiss, or properly supported Motion for Summary Judgment. Said motions have been filed and they are unopposed by the Plaintiffs (See Docs. #152 and #157).

Following the rendering of this Court's decision on February 4, 2005, the Defendant PMI made an offer of judgment to 52 of the Plaintiffs in settlement of their claims under the WARN Act (Doc. #158-2). This offer of judgment was accepted by said 52 Plaintiffs (Doc. #158-1). Fifty-five additional Plaintiffs were excluded from this offer. In addition to accepting the offer of judgment on behalf

of the 52 Plaintiffs, Plaintiffs moved to dismiss all remaining claims, the WARN Act claims filed on behalf of the 55 Plaintiffs who were not included in the offer of judgment by PMI and the claim of fraudulent non-disclosure set forth in a portion of the twenty-third claim for relief, said dismissal to be had pursuant to Fed. R. Civ. P. 41(a)(2) (Doc. #159). The Plaintiffs' Motion to Dismiss has been opposed by PMI (Doc. #161).

The unopposed Motion to Dismiss of the City of Piqua (Doc. #152) is sustained, and the City of Piqua is dismissed from this action, based upon the same reasoning and citations of authority set forth with regard to the dismissal of all other claims and counts in this Court's Order of February 4, 2005 (Doc. #150) and those set forth herein.

The unopposed Motion for Partial Summary Judgment of Defendant PMI (Doc. #157) is sustained in its entirety, based upon the reasoning and citations of authority set forth in the Memorandum accompanying said Motion, the attachments thereto, and the thorough *de novo* review of this Court's file and the applicable law. Summary judgment is granted in favor of the Defendant PMI, accordingly, on a portion of the Plaintiff's twenty-third claim for relief (fraudulent non-disclosure) and on behalf of said Defendant and against the 55 Plaintiffs whom it deems to have been ineligible for benefits under the WARN Act and, therefore,

not covered by its offer of judgment.

The Plaintiffs' Motion to Dismiss all remaining claims (the claims of the 55 Plaintiffs excluded from PMI's offer of judgment as to the WARN Act claims and the claim of fraudulent of non-disclosure set forth in a portion of the twenty-third claim for relief), said dismissal sought pursuant to Fed. R. Civ. P. 41(a)(2), is overruled.  Prevailing case law in the Sixth Circuit, as appropriately set forth in the Memorandum of Defendant PMI filed in opposition to the Plaintiffs' Motion (Doc. #161), clearly reveals that piecemeal appeals, the logical result of the Plaintiffs' request for dismissal, are disfavored, as are procedures of the District Court which would attempt to "clear the decks for appeal," by dismissing remaining claims without prejudice and/or by crafting a Rule 54 judgment on the ground that there exists no just reason for delay.  In this matter, the best procedure to give Plaintiffs their full panoply of timely appellate rights and, at the same time, recognize that the Defendants have been uniformly successful in this litigation, save and excepting the Defendant PMI's offer of judgment in favor of 52 of the named Plaintiffs on their WARN Act claims, is to rule on the unopposed motions and to enter final judgment thereon.  To follow the procedures suggested by Plaintiffs would delay the desired review of this Court's decisions by the Court of Appeals and would, should this Court's experience be any guide, cause the piecemeal appeal to be remanded "by return mail."

WHEREFORE, based upon the above, this Court orders the entry of judgment on behalf of the following Plaintiffs and against Defendant PMI Food Equipment Group Hobart Corporation, in the following amounts:

Nancy Allen $6,350.00, Thomas Altick $6,725.00, John Baker $5,775.00, Rosella Ball $6,625.00, Edward Becker $6,625.00, Elizabeth Bennett $5,825.00, Leslie Blackburn $6,950.00, William Bollinger $6,700.00, Tim Byrn $6,175.00, Douglas Campbell $5,775.00, Larry Collins $6,575.00, Ronald Crouch $6,225.00, Raymond Cummings, Jr. $5,775.00, Ronald Cummings $6,625.00, Georgia Egts $6,100.00, James Forsyth $5,825.00, George Gates $6,200.00, Terry Gibson $6,625.00, James Hallan $5,625.00, Larry Henegar $6,625.00, Clifford Jackson $7,075.00, Sandra Jackson $6,900.00, Gordon Jensen $6,175.00, Randall Johnson $6,625.00, Marlin Jordan $6,100.00, Willie Kirkland $6,100.00, Terry Marlatt $4,775.00, George Mayrer $7,000.00, Charles Mondabaugh $6,300.00, Ivetta Moorehead $4,425.00, Alexander Morris $6,725.00, Russell Patterson $6,875.00, Joseph Phelps $6,100.00, Ladislaus Pitti $6,200.00, Joseph Prestwood $5,725.00, Warren Ratliff $6,725.00, Deborah Ray $5,400.00, David Ruth, Jr. $6,675.00, David Ruth, Sr. $6,575.00, Jeffrey Sanger $6,625.00, Thomas Sawyer $5,525.00, Porter Shields $6,100.00, Gary Siler $6,100.00, William Simison $6,050.00, Dainis Slaidins $6,600.00, James Smart $6,750.00, Woolery Smith $6,200.00, Westley Stacy $6,725.00, Peter Venditto $6,625.00, Glenna Webb $6,125.00, Patricia Wezman $6,025.00, and Traci Wilhelm

$5,625.00.

Further, judgment is to be entered in favor of Defendant PMI Food Equipment Group Hobart Corporation and against the following Plaintiffs on all counts:

Phyllis Mayrer, Joe Ball, Diana Lynn Becker, Richard Bennett, Barbara Blackburn, Diana Bollinger, Sandra Byrn, Beryl Collins, Patricia Crouch, Karen Cummings, Cindy Dale, James Egts, Catherine Gates, Linda Gibson, Anna Hallan, Evelyn Henegar, Norma Jackson, Steven Jackson, Patricia Jensen, Rhonda Johnson, Shirley Jordan, Clara Kirkland, Janice Mondabaugh, Mark Moorehead, Diana Morris, Grace Patterson, Sara Phelps, Virginia Pittl, Wanda E. Prestwood, Geneva Ratliff, Michael Ray, Sandra Ruth, Jennifer Ruth, Sheila Sanger, Reva Sawyer, Anna Slaidins, Zula Shields, Teresa Siler, Judith Smart, Betty Smith, Charlotte Stacy, Clara Sue Venditto, Martin Webb, and Roger Wilhelm, Tim Byrn, Gary Dale, The Estate of Charles Ellish, James Forsyth, James Lamar Hallan, Ivetta Moorehead, Alexander Morris, Russell Patterson, William Simison, James Smart, and Glenna Webb.

Finally, judgment is to be entered on behalf of the Defendants Donald E. Jakeway, the State of Ohio, the Miami County Board of Commissioners and the City of Piqua, and against all Plaintiffs.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.[1]

September 26, 2005

/s/ Walter Herbert Rice

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

WHR/slc

---

[1] Plaintiffs have filed a Petition for Costs and Attorneys Fees, pursuant to Fed. R. Civ. P. 54(d) and 29 U.S.C. Section 2104(a)(6) (Doc. #160). That motion has been fully briefed and will be considered in due course. Requests for attorneys fees and costs are routinely addressed in post-judgment proceedings. White v. New Hampshire Department of Employment Security, 455 U.S. 445 (1982).